(Hamilton County Common Pleas.)

## M. R. DRENNEN v. THOMAS F. SHAY.

Where the appeal bond states that the surety will pay if judgment is adjudged against appellants; execution against the appellant and return "no goods" is not necessary as a condition precedent to maintaining an action on such bond.

Where a re-delivery bond is given in the suit below, and afterwards, for appeal, an appeal bond is given, the defendant on judgment in his favor in the appellate court, need not first pursue the re-delivery bond, but may sue on the appeal bond, when the liability accrues; the amount of which is provided by Sec. 6593a Rev. Stat.

In such case, was the re-delivery bond wiped out by the appeal bond, Quere?

---

JELKE, J.

The bond herein sued on is given under and in the words of Revised Statutes, 6584.

"I, Thomas F. Shay, hereby undertake unto plaintiff, in the sum of two hundred and fifty dollars, that said defendants will prosecute this appeal to effect without unnecessary delay, and if judgment be adjudged against them, I will pay such judgment and costs. Thomas F. Shay."

This bond became absolute as against Mr. Shay immediately on the rendition of judgment against said defendants in the original action. This bond was not an undertaking that said defendants would pay. Execution and return of "no goods," etc., was not even necessary under said judgment as a condition precedent to maintaining this action And inquiry into the nature or subject matter or into any of the proceedings or alleged errors of said original suit would be immaterial in this.

When the surety's liability accrues, its amount is provided in Revised Statutes, 6593a.

Such would be the conclusion on any state

of pleadings, but especially under the pleadings as they stand in this case.

Plaintiff need not pursue the redelivery bond in the original action. Indeed, the court does not know from the record that there ever was a redelivery bond. It only appears in the statement of counsel in the brief. I am inclined to the opinion that the plaintiff elected wisely when he chose to proceed on the appeal bond.

Query: Whether or not surety on redelivery bond was discharged when judgment of justice was wiped out by the appeal bond?

Judgment for plaintiff.

Wade Cushing, for Plaintiff.

S. N. Maxwell, for Defendant.